UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

REGINALD MIMMS,

Plaintiff,

-against-

A.W. CARR, CAPTAIN HESS, MS. JESSE ANDERSON, MR. K. PAGE, MS. K SMALL, CAPTAIN PENNICK, OFFICER C. MARSHALL, D. GONZALEZ, RAMCHARAN, MS. HAMILTON, and DR. ITTAYEM,

Defendants.

**MEMORANDUM & ORDER**
**09-CV-05740 (NGG) (LB)**

NICHOLAS G. GARAUFIS, United States District Judge.

*Pro se* Plaintiff Reginald Mimms brought this action under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants A.W. Carr, Captain Hess, Ms. Jesse Anderson, Mr. K. Page, Ms. K Small, Captain Pennick, Officer C. Marshall, D. Gonzalez, Ramcharan, Ms. Hamilton, and Dr. Ittayem,[1] alleging violations of his First, Fifth, and Eighth Amendment rights arising from his incarceration at the Metropolitan Detention Center, Brooklyn ("MDC"). (*See generally* Am. Compl. (Dkt. 7).) On June 9, 2011, this court dismissed all of his claims except for his First Amendment retaliation claim against Defendants Jesse Anderson and Officer C. Marshall ("Defendants"). (*See* Mem. & Order Dated 06/09/2011 (Dkt. 60).)

[1] These are the names of Defendants as listed by Plaintiff. Defendants have noted that the full names of Defendants are: "Associate Warden Johnnie Carr; Captain Douglas Hess; Lieutenant Ray Pennick; Unit Manager Kevin Page; Case Manager Karen Small; Counselor Jesse Anderson; Officer Corel Marshall; Lieutenant David Gonzalez; Counselor Ramcharan; Dr. Pamela Hamilton, Dental Officer; and Assistant Health Service Administrator Mahmoud Ittayem." (Defs.' Mem. in Supp. of Mot. to Dismiss (Dkt.52) at 1 n.1.)

Subsequently, on March 13, 2013, this court granted summary judgment in favor of Defendants on Plaintiff's remaining First Amendment retaliation claim. (*See* Mem. & Order Dated 03/13/2013 (Dkt. 109).)

Plaintiff now moves for relief from the March 13, 2013 judgment pursuant to Rules 60(b)(6) and 60(d)(1) of the Federal Rules of Civil Procedure.[2] Plaintiff also requests leave to proceed *in forma pauperis*. For the reasons stated below, the court finds that Plaintiff's motion for relief from the court's judgment is untimely. In light of this finding, the court need not reach the merits of the motion. Nevertheless, the court notes that Plaintiff's motion does not meet the standards for relief under the relied-upon Rules.

Accordingly, Plaintiff's motion and request to proceed *in forma pauperis* for the purpose of an appeal are DENIED.

## I. BACKGROUND

Plaintiff is a *pro se* litigant who was an inmate at the MDC from September 22, 2009 to April 28, 2010. (Mem. & Order Dated 03/13/2013 at 2.) During his time at the MDC, Plaintiff filed 35 administrative grievances.[3] (*Id.*) Plaintiff filed his Amended Complaint on February 18, 2010, in which he alleged, among other things, that Defendants violated his First Amendment rights by retaliating against him for filing one such administrative grievance against prison staff. (Am. Compl. ¶¶ 6, 7.) Defendants

---

[2] Defendants have not opposed the motion, and the court sees no need to require a response in light of the motion's untimeliness. *See infra* Section III.A.1; *see also Steeger v. JMS Cleaning Servs., LLC*, No. 17-CV-8013 (DLC), 2018 WL 1363497, at *1 n.1 (S.D.N.Y. Mar. 15, 2018) (noting that "[t]he defendant is under no obligation to respond" in the context of a motion for reconsideration.).

[3] The grievances mainly allege miscellaneous incidents of staff misconduct and include requests for apologies and backpay. (*See* Admin. Remedy Generalized Retrieval (Dkt. 50-3) at 69-85); Decl. of Nicole McFarland (Dkt. 50) ¶¶ 18-19.)

filed a motion to dismiss, (*see* Defs.' Mot. to Dismiss (Dkt. 48)), and on June 9, 2011, the court granted the motion in part, allowing Plaintiff's First Amendment retaliation claim against Defendants to proceed.[4] (*See* Mem. & Order Dated 06/09/2011 at 25.) Discovery closed on January 11, 2012. (*See* Order Dated 01/11/2012 (Dkt. 86).) Subsequently, Plaintiff moved for summary judgment. (*See* Pl.'s Mot. for Sum. J. (Dkt. 89, 106).) Defendants cross-moved to dismiss Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or, in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. (*See* Defs.' Mot. to Dismiss or for Sum. J. (Dkt. 100); Mem. in Supp. of Mot. to Dismiss or for Sum. J. ("Defs.' Mot.") (Dkt.

---

[4] Plaintiff's Amended Complaint contained various other constitutional claims against the defendants named in this action that were all dismissed by the court. First, Plaintiff's First Amendment and due process claims against Defendants Ramcharan, Page, and Gonzalez were dismissed because they consisted of "bare" allegations that did not meet the plausibility standard of *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). (Mem. & Order Dated 06/09/2011 at 13-15.) Second, Plaintiff's claim against Defendant Carr, stemming from Carr's alleged threat to place Plaintiff in the Special Housing Unit, was dismissed for failure to exhaust administrative remedies. (*Id.* at 15-16.) Third, the court found that Plaintiff's allegation that Defendant Marshall made "an inappropriate sexual comment" failed to state a constitutional claim. (*Id.* at 16-17.) Fourth, the court found that Plaintiff's allegations that Defendants Anderson, Page, Small, Hess, and Pennick "mishandled his administrative grievances by failing to accept them, failing to respond to them, or failing to forward them to appropriate parties" did not implicate First Amendment or due process interests. (*Id.* at 17-19.) Fifth, Plaintiff's Eighth Amendment claim against defendant Hamilton was dismissed by the court on jurisdictional grounds, since the Federal Tort Claims Act, 28 U.S.C. § 1346(b), provided the exclusive remedy for that claim. (*Id.* at 19-20.) Sixth, Plaintiff's Eighth Amendment claim against Defendant Ittayem was dismissed because Plaintiff failed to allege Ittayem's "deliberate indifference." (*Id.* at 23.) Finally, the court dismissed Plaintiff's supervisory liability claim against Defendants Carr, Hess, Pennick, Page, and Small because Plaintiff did not allege sufficient facts giving rise to any of the theories of liability articulated in *Back v. Hastings On Hudson Union Free School Dist.*, 365 F.3d 107, 127 (2d Cir. 2004). (*Id.* at 24.)

104).) After converting Defendants' motion to be one solely under Fed. R. Civ. P. 56, (Mem. & Order Dated 03/13/2013 at 6), the court granted summary judgment in favor of Defendants on Plaintiff's First Amendment claim, finding that Plaintiff failed to demonstrate that he had administratively exhausted his claim and that administrative remedies, like filing further grievances, remained available to him. (*See id.* at 6-10.)

Thereafter, Plaintiff appealed the judgment to the United States Court of Appeals for the Second Circuit. (*See* Not. of Appeal (Dkt. 111).) Plaintiff argued that (1) he had demonstrated that he had exhausted his administrative remedies; and (2) Defendants had not provided evidence to substantiate their claims to the contrary. *See* Br. for Appellant at 5, 8, *Mimms v. Carr*, No. 13-1128 (2d Cir. June 3, 2013), ECF No. 34.

The Second Circuit affirmed the March 13, 2013 judgment by summary order, rejecting all of Plaintiff's arguments as meritless or waived. *See Mimms v. Carr*, 548 F. App'x 29, 30 (2d Cir. 2013). On February 4, 2014, Plaintiff petitioned the Second Circuit for a panel rehearing. *See* Pet. for Rehearing, *Mimms v. Carr*, No. 13-1128 (2d Cir. Feb. 4, 2014), ECF No. 77. On April 3, 2014, the Second Circuit denied Plaintiff's petition. Order, *Mimms v. Carr*, No. 13-1128 (2d Cir. Apr. 3, 2014), ECF No. 81.

On May 21, 2026, over 12 years after the Second Circuit denied Plaintiff's petition, Plaintiff filed the instant motion for relief from the court's grant of summary judgment. (*See* Pl.'s Mot. for Relief from J. (Dkt. 113).)

## II. LEGAL STANDARDS

Submissions from *pro se* litigants should be construed "liberally" and read "to raise the strongest arguments they suggest." *Vidal v.*

*Venettozzi*, 171 F.4th 611, 620 n.7 (2d Cir. 2026).[5] However, these submissions must "comply with the relevant rules of procedural and substantive law." *Drip Cap., Inc. v. M/S. Goodwill Apparels*, 665 F. Supp. 3d 511, 520 (S.D.N.Y. 2023).

Fed. R. Civ. P. 60(b) ("Rule 60(b)") permits a court to "relieve a party from a final judgment, order, or proceeding for certain enumerated reasons, or for any other reason that justifies relief." *Lewis v. Cnty. of Nassau*, No. 17-CV-01666 (DLI) (AKT), 2022 WL 742873, at *1 (E.D.N.Y. Mar. 11, 2022). Fed. R. Civ. P. 60(b)(6) ("Rule 60(b)(6)") is the catchall provision that grants federal courts a "grand reservoir of equitable power to do justice in a particular case" on any unenumerated grounds that justify relief. *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023).

Rule 60(b)(6) has two main requirements. First, the motion to set aside a judgment must be made "within a reasonable time." *Id.* (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988)). Whether a motion is brought within a reasonable time "is to be determined based on the particular circumstances of the case, taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." *Thai-Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 864 F.3d 172, 182 (2d Cir. 2017). As is the case for all Rule 60(b) motions, courts require that a party moving for relief under Rule 60(b)(6) show "good cause for the failure to act sooner." *2145 McCarter LLC v. Leeds Terminal Inc.*, No. 25-CV-00487 (NCM) (JAM), 2025 WL 3764030, at *2 (E.D.N.Y. Dec. 30, 2025) (quoting *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

Second, a movant seeking relief under Rule 60(b)(6) must demonstrate "extraordinary circumstances" justifying the

[5] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

grounds for relief. *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). Movants, including *pro se* litigants, are required to present "highly convincing evidence" of these extraordinary circumstances to support a Rule 60(b) motion. *Parker v. United States*, No. 20-CR-00224-2 (PMH), 2026 WL 1067186, at *2 (S.D.N.Y. Apr. 20, 2026); *see also Kotlicky*, 817 F.2d at 9 (2d Cir. 1987) (applying the "highly convincing evidence" standard to a pro se litigant).

Separately, Fed. R. Civ. P. 60(d) ("Rule 60(d)") states that parties may still move for an "independent action" that seeks the same relief from judgment. Fed. R. Civ. P. 60(d)(1).[6] "Generally, claimants seeking equitable relief through independent actions must (1) show that they have no other available or adequate remedy; (2) demonstrate that their own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." *Marco Destin, Inc. v. Levy*, 111 F.4th 214, 219 (2d Cir. 2024).

## III. DISCUSSION

As an initial matter, the court understands Plaintiff's motion as seeking relief from the court's March 13, 2013 decision that granted summary judgment to Defendants on Plaintiff's First Amendment claim, and not the June 9, 2011 judgment that preserved that First Amendment retaliation claim in the first

[6] As opposed to the "normal procedure" of attacking a judgment by "motion in the court that rendered the judgment," Rule 60(d) contemplates a separate action that "may be had only rarely, and then only under unusual and exceptional circumstances," "in any court of competent jurisdiction," including the court that gave judgment. 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2868 (3d ed. 2026); *see also Morrel v. Nationwide Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir. 1999) ("A federal court can entertain an original action to enjoin or otherwise grant relief from a judgment . . . rendered not only by it, but also by another federal court.").

instance. Although Plaintiff expressly "seeks relief from the prior judgment dismissing claims other than his First Amendment retaliation claim," (Pl.'s Mem. in Support ("Pl.'s Mot.") (Dkt. 113-1) at 1), Plaintiff's repeated and sole request is that the court preserve his First Amendment claim. (Pl.'s Mot. for Relief from J. at 2; Pl.'s Mot. at 1-4.)

Furthermore, this construction raises "the strongest argument" Plaintiff's motion could suggest. *Vidal*, 171 F.4th at 620 n.7. Rule 60(b) contemplates relief only from "a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A final order under the Rule "is one that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Doe v. Columbia Univ.*, No. 20-CV-6770 (GHW), 2022 WL 16856158, at *2 (S.D.N.Y. Nov. 10, 2022). The court's June 9, 2011 judgment dismissing all of Plaintiff's claims except for his First Amendment retaliation claim does not constitute a final judgment. *See id.* (finding that a court order dismissing "some but not all" of a plaintiff's claims was not a "final order" under Rule 60(b)). By contrast, the court's March 13, 2013 decision granting summary judgment on Plaintiff's sole remaining claim constituted a final judgment. *Bullard v. Blue Hills Bank*, 575 U.S. 496, 506 (2015) (remarking that "[a]n order granting a motion for summary judgment is final"); *cf. MMS Trading Co. Pty Ltd. v. Hutton Toys, LLC*, No. 20-CV-1360 (MKB), 2023 WL 5179620, at *3 (E.D.N.Y. Aug. 11, 2023) ("An order denying in part and granting in part the parties' motions for summary judgment is not final.").

Accordingly, the court reads Plaintiff's motion as seeking relief from the court's March 13, 2013 grant of summary judgment for Defendants. The court notes that even if it were to construe Plaintiff's motion as seeking relief from the court's June 9, 2011 judgment, the motion would be denied as untimely for the same reasons discussed in depth below.

### A. Plaintiff's Rule 60(b)(6) Motion

1. Plaintiff's Motion is Not Timely

The court cannot grant Plaintiff's motion under Rule 60(b)(6) because the motion is untimely. Plaintiff alleges two specific extraordinary circumstances that warrant Rule 60(b)(6) relief. First, Plaintiff alleges that he has suffered "significant physical injuries, including a bus accident leading to multiple surgeries and ongoing therapy" since the court's June 9, 2011 judgment. (Pl.'s Mot. at 3.) Plaintiff argues that these events "have impaired Plaintiff's ability to participate meaningfully in this litigation." (*Id.*) Second, Plaintiff contends that his due process rights were violated because he was not "properly served" with "subsequent notices" of filings following the court's June 9, 2011 judgment. (*Id.*)

Before reaching the merits of Plaintiff's alleged extraordinary circumstances, the court finds that the motion was not filed within a "reasonable time," and thus that relief cannot be granted. *Mandala*, 88 F.4th at 361. Although motions brought under Rule 60(b)(6) are not subject to the strict one-year limitations period some other subsections of Rule 60(b) contemplate, the court must carefully consider "the particular circumstances of the case" to ensure that "Rule 60(b) will be broadly construed to do substantial justice, while respecting that final judgments should not be lightly reopened." *Thai-Lao*, 864 F.3d at 182-83. As discussed above, in considering the particular circumstances of the case, the court must consider any persuasive "reason for . . . delay, the possible prejudice to the non-moving party, and the interests of finality." *Schlosser v. Kwak*, No. 23-649, 2024 WL 319116, at *1 (2d Cir. Jan. 29, 2024) (quoting *Thai-Lao*, 864 F.3d at 182).

Here, Plaintiff filed his motion on May 21, 2026, more than 13 years after this court's March 13, 2013 decision granting summary judgment to Defendants. This was also more than 12 years after the Second Circuit affirmed this court's decision. Plaintiff

has not provided "persuasive reasons" or good cause to justify a delay of this magnitude. *United States v. Peterson*, No. 04-CR-752 (DC), 2013 WL 1830217, at *3 (S.D.N.Y. May 1, 2013); *see also PRC Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983) (concluding that a movant who "presented no persuasive reasons to justify the delay of almost one year" failed to comply with Rule 60(b)(6)'s reasonable time requirement). Although Plaintiff does allege that his significant injuries and resulting surgeries and therapy have "impaired [his] ability to participate meaningfully in this litigation," (Pl.'s Mot. at 3), he does not close the causal loop by describing the timing of his surgeries or treatment or what specific effects on his pursuing litigation they had. Plaintiff therefore does not offer a clear explanation for his failure to act sooner. *See United States v. Watts*, No. 05-CV-5663 (DRH) (GRB), 2015 WL 332112, at *3 (E.D.N.Y. Jan. 23, 2015) (finding that "nothing in the record indicat[ed] that anything reasonably prevented [a] defendant from seeking relief [from judgment] in the years after her surgery and rehabilitation.").

As for Plaintiff's due process argument, the court similarly finds that Plaintiff has not provided "good cause" for his failure to act sooner. *Leeds Terminal Inc.*, 2025 WL 3764030, at *2. By contrast, in *Kotlicky*, a pro se plaintiff failed to appear for a scheduled deposition and the district court dismissed the plaintiff's complaint upon the defendant's Fed. R. Civ. P. 37(b) motion. 817 F.2d at 8. The plaintiff brought a Rule 60(b) motion less than a month after the dismissal, arguing that "he still had not received notice of his deposition" and that the notice provided to him was "unreasonable" and "not calculated to inform [him] of the scheduled deposition." *Id.* In a later supplement to his motion, filed 41 days after the district court's dismissal, the plaintiff explained that he had been on duty as an airline and military pilot at the time he would have received notice of the deposition. *Id.* In reversing the district court's denial of the plaintiff's motion, the Second Circuit noted that "[a]lthough [the plaintiff] was dilatory

in conducting some phases of his litigation, his failure to appear at the deposition was not voluntary nor was it due to any gross negligence on his part." *Id.* at 9. Like the plaintiff in *Kotlicky*, Plaintiff argues that he "was not properly served with subsequent notices" following court's June 9, 2011 decision.[7] (Pl.'s Mot. at 3.) However, unlike the plaintiff in *Kotlicky*, Plaintiff has not presented adequate reasons or any evidence for his 13-year delay in raising his due process argument beyond his assertions that he lacked notice, and his delay is notably longer. Accordingly, the court finds that Plaintiff has not demonstrated good cause for his failure to act sooner.

Additionally, reopening the case would certainly prejudice Defendants, who last litigated this case over a decade ago. *See Hylton v. Hastens Beds, Inc.*, No. 19-CV-662 (VSB), 2025 WL 3535063, at *6 (S.D.N.Y. Dec. 10, 2025) (noting that "[i]f this case were to advance to summary judgment or trial, locating witnesses and collecting further evidence would likely be more difficult because the events of the case happened many years ago."). Reopening the case would also "undermine the interest in finality." *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021).

Even without expressly considering these specific factors, the Second Circuit has routinely found that delays as short as 18 months render a Rule 60(b)(6) motion untimely. *See, e.g., Truskoski v. ESPN, Inc.*, 60 F.3d 74, 77 (2d Cir. 1995) (finding district court did not abuse its discretion in denying relief under Rule 60(b)(6) where delay was eighteen months after judgment); *Kellogg v. Strack*, 269 F.3d 100, 104 (2d Cir. 2001) (finding that a *pro se* plaintiff's "bare assertions that the conditions of his confinement prevented him from filing his motion earlier" were

---

[7] Plaintiff does not refer to any specific filings of which he did not receive notice in his motion, other than "a certiorari petition," of which the court is unaware. (Pl.'s Mot. at 3.)

"insufficient" to excuse a "patently unreasonable" delay of 26 months in filing a Rule 60(b) motion); *Newcard, Inc. v. Van Dijke*, 137 F. App'x 384, 386-87 (2d Cir. 2005) (finding the court did not abuse its discretion in denying relief under Rule 60(b)(6) where the delay was 27 months); *Rodriguez v. Mitchell*, 252 F.3d 191, 201 (2d Cir. 2001) (finding a Rule 60(b) motion untimely when filed three and one-half years after judgment in a state habeas case).

Accordingly, Plaintiff's Rule 60(b)(6) motion is untimely and subject to denial "on this basis alone." *Spurgeon v. Lee*, No. 11-CV-600 (KAM), 2019 WL 569115, at *2 (E.D.N.Y. Feb. 11, 2019).

2. Plaintiff's Motion Fails on the Merits

Even if the court were to find that Plaintiff filed the motion within a reasonable time, Plaintiff's assertions that he suffered significant physical injuries fail to demonstrate "extraordinary circumstances" that justify relief. *BLOM Bank SAL*, 605 U.S. at 210.

First, courts in this Circuit have held that a mere inability to litigate a case due to physical injuries does not meet this standard. *See, e.g., Rimini v. J.P. Morgan Chase & Co.*, No. 21-CV-7209 (JPC), 2024 WL 809890, at *6 (S.D.N.Y. Feb. 27, 2024) (finding that a plaintiff did not demonstrate extraordinary circumstances where he stated he was "pro se and recovering from injuries"); *Ross v. Cooper*, No. 90-CV-304 (PGG), 2008 WL 5062727, at *4 (S.D.N.Y. Nov. 24, 2008) (holding that assertions of "injuries . . . allegedly suffered as a prisoner . . . [that rendered the movant] unable to work or support himself or his family" did not rise to the level of extraordinary circumstances); *Broadway v. City of New York*, No. 96-CV-2798 (RPP), 2003 WL 21209635, at *3-4 (S.D.N.Y. May 21, 2003) (holding that "pain and suffering [making a plaintiff unable] to litigate his case" falls short of

extraordinary circumstances). Furthermore, Plaintiff has not provided "highly convincing" evidence—indeed, he has not provided any evidence—of his injuries. *Kotlicky*, 817 F.2d at 9; *see also Bautista v. TAP Air Portugal*, No. 24-CV-00503 (JLR), 2025 WL 1224799, at *6 (S.D.N.Y. Apr. 28, 2025) (holding that a *pro se* plaintiff's allegations that "he ha[d] visual disabilities, making it more difficult for him to move to reopen the case, that he was not in the country during certain times, that [the defendant] proceeded in federal court despite the fact that he wanted to proceed in small claims court, and that [the defendant] did not provide him with 'federal paperwork'" did not constitute highly convincing evidence of extraordinary circumstances).

Plaintiff also alleges that his due process rights were violated because he "was not properly served with subsequent notices, including the certiorari petition" following the court's June 9, 2011 decision. (Pl.'s Mot. at 3.) Fed. R. Civ. P. 5(b)(2)(C) permits service of filings (after the initial service of process) by mail to a litigant's last known address. *See* Fed. R. Civ. P. 5(b)(2)(C); *Eng v. Cash*, No. 10-CV-3117 (SJF) (WDW), 2011 WL 4544046, at *1 (E.D.N.Y. Sept. 29, 2011) (ordering service upon a pro se plaintiff "at her last known address," citing Fed. R. Civ. P. 5(b)(2)(C)). The Rule expressly directs that service is complete upon mailing, even if not received. Fed. R. Civ. P. 5(b)(2)(C); *see also* 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1148 (3d ed. 2026)

It is highly concerning to the court that Defendants' motions seem to have repeatedly failed to include a certificate of service by mail to Plaintiff at his last known address, as required by Rule 5(d).[8] (*See, e.g.*, Defs.' Req. for Ext. (Dkt. 80); Defs.' Req. for Pre-

[8] Unlike Rule 4(l)(1), which requires an affidavit of service for a summons and complaint, Rule 5 only requires a certificate of service for other motion practice. *See* Fed. R. Civ. P. 5(d)(1)(B)(i) (requiring certificates of service

Mot. Conf. (Dkt. 88); Defs.' Mot. for Sum. J. (Dkt. 100).) The court finds that the annotation "To: . . . Reginald Mimms," which is regularly included in Defendants' filings, (*see, e.g.*, Defs.' Req. for Ext. at 2; Defs.' Req for Pre-Mot. Conf. at 4; Defs.' Mot. for Sum. J. at 2), is not sufficient.[9]

Nevertheless, Rule 60(b)(6) is not the proper vehicle for Plaintiff's due process argument. No movant, including one proceeding *pro se*, may premise their Rule 60(b)(6) motion on one of the grounds for relief "enumerated in clauses (b)(1) through (b)(5)." *Mandala*, 88 F.4th at 361 (quoting *Liljeberg*, 486 U.S. at 863); *see also Rowe v. Cenlar FSB*, No. 19-CV-07278 (JMA) (AYS), 2022 WL 3682302, at *3 n.3 (E.D.N.Y. Aug. 25, 2022) (finding that a pro se plaintiff's contentions "constitute[d] grounds for relief recognized in Rule 60(b)(1) and (3)" and concluding that Rule 60(b)(6) relief "is not applicable here" and, as here, would not be satisfied anyway). Indeed, "where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed." *Mandala*, 88 F.4th at 359 (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)). The court finds that Plaintiff's

---

for papers filed and served by means other than the court's electronic-filing system); *see also Dalla-Longa v. Magnetar Cap. LLC*, No. 19-CV-11246 (LGS), 2020 WL 4504901, at *3 (S.D.N.Y. Aug. 4, 2020) ("The Federal Rule of Civil Procedure that provides for service of notice of motion is Rule 5, which governs service of pleadings and other papers . . . rather than Rule 4, which governs the service of a summons.").

[9] The court has not found *any* certificates of service on ECF for the relevant motions and Defendants' motions do not separately certify that service by mail was made to Plaintiff. Furthermore, although Rule 5(d) does not prescribe the information that a certificate of service must contain, the annotations in Defendants' motions do not even specify the date of service to Plaintiff. *See* Fed. R. Civ. P. 5 advisory committee's note to 1991 amendment ("The certificate [of service] will generally specify the date as well as the manner of service").

argument that he was "impaired" from "participat[ing] meaningfully in this litigation" due in part to his lack of proper notice is contemplated by Fed. R. Civ. P. 60(b)(1) ("Rule 60(b)(1)"), which allows a court to relieve a party from final judgment due to "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).[10] In *Kotlicky*, for example, the Second Circuit analyzed the plaintiff's argument that "the manner of service" for a deposition notice "was not reasonably calculated to provide notice" under Rule 60(b)(1), not Rule 60(b)(6). 817 F.2d at 9 (noting that "[t]his Court has granted relief under [Rule 60(b)(1)] in cases similar to the instant one.").

Even if the court construes Plaintiff's motion as one under Rule 60(b)(1), the court finds that Plaintiff has not demonstrated that his neglecting to act was excusable as required by the Rule. In determining whether a movant's neglect is excusable, the court looks to: "(i) [t]he danger of prejudice to the non-moving party; (ii) [t]he length of the delay and its potential impact on judicial proceedings; (iii) [t]he reason for the delay, including whether it was within the reasonable control of the movant; and (iv) [w]hether the movant acted in good faith." *William v. City of New York*, 727 F. App'x 30, 31 (2d Cir. 2018) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). The court finds that the danger of prejudice to Defendants weighs against granting relief from the court's judgment, and Plaintiff's neglect in acting sooner is not excusable given the

[10] The court could alternatively construe Plaintiff's motion as seeking relief under Rule 60(b)(4). Rule 60(b)(4) allows parties to seek relief from judgments that are void because a court lacked jurisdiction or "has acted in a manner inconsistent with due process of law." 12 Moore's Fed. Prac. Civ. § 60.44 (3d ed. 2026). Although Plaintiff does not argue that *this court* has acted in such a manner, he does contend that "[t]he failure to properly serve [him] with notices, including the certiorari petition, constitutes a denial of due process." (Pl.'s Mot. at 3.) Nevertheless, whether Plaintiff's argument is analyzed under Rule 60(b)(1), (b)(4), or (b)(6), the outcome is the same because of the motion's untimeliness.

length of Plaintiff's delay and the lack of detail in his reasoning, as discussed above. *See supra* Section III.A.1. The final factor—whether Plaintiff acted in good faith—slightly favors Defendants, as Plaintiff has not "proffer[ed] sufficient evidence of h[is] good faith efforts to move the case forward." *Hylton*, 2025 WL 3535063, at *6. Accordingly, the court is unable to grant relief on these grounds, either.[11]

Finally, Plaintiff invokes *Klapprott v. United States*, 335 U.S. 601 (1949), for the proposition that "a party's physical incapacity can be grounds for reopening a case." (Pl.'s Mot. at 3.) Although this may be true in some cases, it is not sufficient to reopen the case here. In *Klapprott*, the petitioner sought relief from a default judgment entered in denaturalization proceedings. 335 U.S. at 603. In his petition for relief, the petitioner alleged that he was "in jail . . . weakened from illness, without a lawyer in the denaturalization proceedings or funds to hire one" and "fully occupied in efforts to protect himself against the gravest . . . charges" in a separate criminal conspiracy case. *Id.* at 613-14. The denaturalization proceedings ultimately took place without a hearing, and no evidence was offered by the government. *Id.* at 615. Moreover, the court found that he was "no more able to defend himself" in the denaturalization proceedings than he would have been if he had "never received notice of the charges." *Id.* at 614.

The instant case bears little similarity to the extraordinary circumstances present in *Klapprott*. Although Plaintiff is self-represented and has alleged significant physical injuries, Plaintiff

[11] Naturally, if this motion were to be construed as one under Rule 60(b)(1), it would suffer from an even greater timeliness defect than it already does, because Rule 60(b)(1) carries a strict one-year limitations period. *See Canouse v. Protext Mobility, Inc.*, No. 22-CV-1335, 2023 WL 3490915, at *2 (2d Cir. May 17, 2023) ("A motion under Rule 60(b)(1) must be brought within one year of the judgment or order from which the moving party seeks relief.").

actively litigated this case, propounding interrogatories and making various motions at different stages of the proceedings. (*See, e.g.*, Pl.'s First Interrogs. (Dkt. 65); Pl.'s Mot. to Compel (Dkt. 75); Pl.'s Mot. for Sanctions (Dkt. 82).) Plaintiff therefore has not demonstrated that he has been "no more able to defend himself" in these proceedings than he would have been had he never known about them. *See Klapprott*, 335 U.S. at 614.

For the foregoing reasons, Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 60(b)(6).

### B. Plaintiff's Rule 60(d)(1) Motion

Plaintiff also moves for an independent action under Rule 60(d)(1) seeking relief from judgment, relying on the same arguments. Rule 60(d)(1) requires that there is "no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action, not that there is no *remaining* remedy." *Wright v. Poole*, 81 F. Supp. 3d 280, 293 (S.D.N.Y. 2014) (emphasis in original) (quoting *Gleason v. Jandrucko*, 860 F.2d 556, 560 (2d Cir. 1988)). Ultimately, an independent action is not available here because Plaintiff had an "available or adequate" remedy in the original action: to raise the grounds now relied upon here in an appeal. *Marco Destin, Inc. v. Levy*, 111 F.4th 214, 219 (2d Cir. 2024); *see also Wright*, 81 F. Supp. 3d at 294 (disallowing a petitioner's independent action in part because the petitioner could have raised the issue on appeal). Because Plaintiff did appeal the decision at issue here to the Second Circuit, and because the arguments Plaintiff makes here could have been made in that appeal, Rule 60(d)(1)'s requirements are not satisfied.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for relief from judgment is DENIED. Although Plaintiff was previously granted *in forma pauperis* status by this court, the court certifies, pursuant

to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *See Chambers v. Stynes*, No. 25-CV-02524 (NCM) (CHK), 2026 WL 861078, at *6 (E.D.N.Y. Mar. 30, 2026) (citing *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962)).

The Clerk of Court is respectfully DIRECTED to mail a copy of this order by certified mail, return receipt requested, to *pro se* Plaintiff Reginald Mimms at his address of record.

SO ORDERED.

Dated: Brooklyn, New York
November 5, 2026

s/ Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge